

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. J. Burns
County Attorney
McCulloch County
Brady, Texas

Dear Sir:

Opinion No. O-2717
Re: Are the trustees of the Waldrip
Common School District authorized
to sell either the building known
as the teacherage or the land upon
which it is located at private sale
for cash with or without the con-
sent of the county trustees?

Your recent request for an opinion of this Depart-
ment on the above stated question has been received.

Your letter reads in part as follows:

"The trustees of the Waldrip Common School
District, in this county, desire to sell the teacher-
age located on the school land heretofore deeded to
the trustees of the Waldrip School District for school
purposes, in order to obtain funds with which to do
repairs and additional building on the school build-
ing itself.

"This school building is not now being used for
school purposes due to the fact that the students are
all attending school in another district. It is not now
the intention of the trustees to ever have school at
the Waldrip school house. It is the desire of the trust-

Honorable I. J. Burns, Page 2

ees, however, to sell the teacherage and apply the
money to improvements on the school house in order
to use the school house as a community center, and
also save insurance that they are now paying on the
teacherage.

" . . .

"Please advise me whether or not the trustees of
the Waldrip Common School District are authorized to
sell either the building known as the teacherage or
the building known as the the teacherage and the land
upon which it is located at private sale for cash,
with or without the consent of the county trustees.
If they are authorized to sell this building, either
with or without the consent of the County trustees,
then advise me whether or not the money derived there-
from can lawfully be applied to repair the existing
school building, which is thereafter to be used for
community purposes, such as religious gatherings,
political meetings, social functions, etc., under the
direction of the Board of Trustees of such district."

Two statutes in Texas provide for the sale of school
property. They are Articles 2753 and 2773, Vernon's Annotated
Civil Statutes. The former statute reads as follows:

"The trustees of any school district, upon the
order of the county trustees prescribing the terms
thereof, when deemed advisable, may make sale of
any property belonging to said school district, and
apply the proceeds to the purchase of necessary grounds
or to the building or repairing of school houses, or
place the proceeds to the credit of the available school
fund of the district."

As pointed out in the case of R. B. Spencer & Co. v.
Brown et al (Civ. App. 1917) 198 S. W. 1179, and as pointed
out in two previous opinions rendered by this Department,
Article 2753 applies only to sales of land by common school
districts while Article 2773 applies to sales of land by in-
dependent school districts.

The two opinions referred to above are: (1) An
opinion by Clark C. Wren, Assistant Attorney General, to Hon.

Honorable I. J. Burns, Page 3

Eugene K. Wilson, County Attorney, Bay City, Texas, dated September 10, 1936; (2) Our Opinion No. O-450.

Numerous decisions both in Texas and in other jurisdictions point out that school districts are corporations with very limited powers.

"School districts are public quasi-municipal corporations, sometimes termed involuntary corporations . . . . They make contracts, levy taxes, and possess property. They are organized not for the purpose of profit or gain, but solely for the public benefit, and have only such limited powers as may be necessary for that purpose. They have therefore been said to be corporations of the most limited powers known to the world. Pasadena School District v. Pasadena, 166 Cal. 7, 134 Pac. 985, Ann. Cas. 1915-H, 1039, 47 L. R. A. (NS) 692. They are but the agents of the state for the sole purpose of administering the state system of public education and have only such powers as are conferred expressly or by necessary implication." 24 Rcl. 564, Sec. 7. (Opinion No. O-1570)

We quote from the case of Harlingen Independent School District v. Page Bros., 48 S. W. (2d) 983 as follows:

"The board of trustees possesses powers expressly conferred upon it by law or necessarily implied from the powers so conferred."

Corpus Juris points out that property devoted to a public use can only be disposed of by express authority, and a general power of disposition has been held to be restricted to property not needed for the use of public schools. 56 Cor. Jur. 437, Sec. 417. This authority states that the sale must be made in compliance with the terms of the statute authorizing it, but that substantial procedural compliance is sufficient.

We wish to stress the fact that all of these authorities held that school boards have only the express authority given them in the statute and only such implied powers as are necessary to execute such express powers.

Honorable I. J. Burns, Page 4

We quote from Texas Jurisprudence, Vol. 37, page 950 as follows:

"A school district can convey its property only in the manner provided by law. If, by law, an order of the commissioners' court, the consent of the county superintendent, of the state superintendent or the State Board of Education, is necessary to the validity of a sale, such order or consent must be obtained."

Also see the case of Crouch v. Posey, 69 S. W. 1001.

If the provisions of Article 2753, supra, are followed, assuming, of course, that fee simple title is in the board, such title may be conveyed to a person who is not a member of the school board. Said Article provides, in effect, that the trustees of any school district in making a sale of any property belonging to said school district must obtain an order of the county trustees prescribing the terms of such sale and also provides that the proceeds of such sale shall be applied to the purchase of necessary grounds or to the building or repairing of school houses, or such proceeds may be placed to the credit of the available school fund of the district.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that the trustees of the Waldrip Common School District are authorized to sell either the building known as the teacherage or the land upon which it is located, or both, in compliance with Article 2753, supra. However, it is our further opinion that the proceeds of such sale can not be used to improve or repair a school house when the school house is not used for school purposes or where it is the intention of the trustees that the school house shall never be used again for school purposes. The proceeds of such sale must be applied to the purposes specifically provided for in Article 2753, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 13, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant